**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| **KIMBERLY K. WIESE**, an individual,<br><br>Plaintiff, | Case No. _____ |
| v. | |
| **WASTE MANAGEMENT OF ILLINOIS, INC.** a Delaware corporation licensed to do business in Nebraska,<br><br>Defendant. | **COMPLAINT**<br><br>**JURY DEMAND**<br>**PLACE OF TRIAL: OMAHA, NE** |

FACTS

1. On June 30, 2016, Waste Management of Illinois, Inc. ("Waste Management") fired Kimberly K. Wiese ("Ms. Wiese"). At the time of her termination, Ms. Wiese worked for Waste Management in its Omaha office as an Account Manager.

2. Ms. Wiese is disabled and diagnosed with a condition impacting the MTHFR gene. Due to her condition, Ms. Wiese's body cannot process folic acid. Complications from this illness impact Ms. Weise's daily activities, as she experiences tremors, difficulty with memory, and difficulty remaining focused. At times, Ms. Wiese is extraordinarily weak. This condition has affected Ms. Wiese and her family throughout her life. In fact, Ms. Wiese's sister died of complications from the same disease. As a result of her condition, Ms. Wiese requires treatment for related health issues.

3. Despite her condition, Ms. Wiese had dutifully worked for Waste Management for 15 years. She began in March of 2001 as an accounting clerk. Only a few years later, in 2003, she rose in rank to an Account Manager. For a period of five

years, Ms. Wiese was the only Sales Representative for existing accounts in the Omaha and Council Bluffs area.

4. During her time with Waste Management, Ms. Wiese met and often exceeded expectations. In a performance review for the year of 2013, Ms. Wiese's supervisor noted that she exceeded her new business and contract secure rate targets for the year. Additionally, Ms. Wiese's supervisor noted her flexibility in changing roles and affirmed her place as a valuable member of the team.

5. Waste Management changed its tune, however, in 2014. Ms. Wiese needed chelation therapy to treat her condition. She utilized her protected leave under the Family Medical Leave Act, ("FMLA") to undergo that therapy. She submitted paperwork, including a medical certification, to Waste Management's Human Resources Manager, Nia Jones describing her disability and took leave for her treatment. After six weeks, she returned to work only to discover that the work she was expected to perform had increased. Waste Management expected Ms. Wiese to manage more accounts than her co-workers.

6. Ms. Wiese nevertheless set to work to meet Waste Management's heightened expectations for her. In 2015, she met all of her sales requirements. Ms. Wiese was awarded the "Emerald Circle" – a distinction given to high achieving Waste Management employees. She managed a book of business that included 600 to 700 accounts. During this time, Ms. Wiese was rated with generally positive reviews.

7. Despite Ms. Wiese's best efforts, she was overwhelmed by the unequal and increased expectations that Waste Management placed on her. Waste Management overloaded Ms. Wiese with work and expected her to do more than her co-workers. In

early 2016, Ms. Wiese brought concerns about her heavy workload to her new supervisor, Katherine Trevino, the Sales Manager.

8. On March 22, 2016, Ms. Wiese met with Ms. Trevino and Denise Segal, the Area Manager. During this meeting, Ms. Wiese's superiors treated her with outright hostility in view of her co-workers. Segal and Trevino sat Ms. Wiese down in a conference room with an uncovered wall of windows looking out to the office, where other employees could see in. Ms. Segal shouted, thrust her hand into Ms. Wiese's face, pounded on the desk and told Ms. Wiese she "didn't want to hear it." Ms. Wiese was brought to tears by how Ms. Segal and Ms. Trevino treated her during the meeting. Ms. Segal constantly harassed, interrupted and criticized Ms. Wiese during the conversation. Finally, Ms. Segal told Ms. Wiese that "ever since you returned from leave you haven't been the same."

9. On the same day Ms. Segal grilled Ms. Wiese, Ms. Trevino started asking about Ms. Wiese's disability. Ms. Trevino asked Account Manager Vickie Duncan why Ms. Wiese took FMLA leave in 2014. Ms. Duncan complained to Human Resources because she did not think it was appropriate for Segal and Trevino to be discussing Ms. Wiese's confidential health information with Waste Management employees.

10. In late March 2016, Ms. Wiese verbally complained to Human Resource Manager Nia Jones. She reported Ms. Segal's harassment during the March 22, 2016 meeting and told Ms. Jones that she had been asked about her FMLA leave. Ms. Jones suggested a meeting between herself, Ms. Wiese, and Ms. Segal. That meeting never occurred. Ms. Wiese did not observe Waste Management take any other action to address Ms. Wiese's complaints.

11. Waste Management also began to discipline Ms. Wiese more harshly than

her co-workers. In March 2016, Ms. Trevino disciplined Ms. Wiese for sending an email for trash service, rather than generating a ticket. Additionally, Ms. Trevino told Ms. Wiese that she needed to resolve cases within 24 hours or she would be disciplined.

12. Meanwhile, other employees of Waste Management were not disciplined for the same acts. Other Account Managers, Vickie Duncan and Sara Bond, Construction Representative Brett Roberts and Outside Account Representative Bryce Thompson sent emails to dispatch about trash service without creating tickets. Duncan, Bond, Thomson, and Roberts were not disciplined for their emails.

13. Additionally, other employees had unresolved cases well beyond the 24-hour limitation placed on Ms. Wiese. In May and June 2016, Waste Management's computer system showed that some employees had cases open for seven days.

14. On June 30, 2016, Waste Management fired Ms. Wiese. Waste Management's stated reasons for the termination are that Ms. Wiese did not get back to a customer within 7 hours, that Ms. Wiese did not meet the quota of performing 4 appointments per day, and that Ms. Wiese did not have any appointments scheduled on one day.

15. Waste Management treated non-disabled employees differently when they made the same errors that resulted in Ms. Wiese's termination. Outside Account Representative Bryce Thompson and Account Manager Vickie Duncan both failed to touch base with customers for 2-3 days and didn't always meet the quota of performing 4 appointments per day. Neither Mr. Thompson nor Ms. Duncan were terminated. Instead, Ms. Duncan was placed on a 90-day performance improvement plan.

16. Other employees of Waste Management were placed on Performance Improvement Plans without further discipline. Steve Vogel, Edna Winger, and Bill Fletcher were given opportunity to improve performance through a PIP.

17. Waste Management reserved offers of Performance Improvement Plans for non-disabled employees. It never offered to place Ms. Wiese on a performance improvement plan like it did for non-disabled employees. Instead, Waste Management fired Ms. Wiese outright.

18. Waste Management's stated reasons for terminating Ms. Wiese do not survive scrutiny. Ms. Wiese does not recall any customer expressing concerns about her response time. Additionally, other employees were treated differently when they failed to respond to customers within seven hours or when they failed to meet the quota of 4 appointments per day.

## JURISDICTION & VENUE

19. This matter arises under federal and state law. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 based on Ms. Wiese's federal claims set forth in this Complaint.

20. Venue is proper in this District pursuant to 28 U.S.C. §1391(b)(2), because the acts complained of here were orchestrated from, planned in and conducted in this District.

## CLAIM I

## WASTE MANAGEMENT VIOLATED THE FMLA BY DISCRIMINATING AGAINST MS. WIESE FOR USING HER FMLA RIGHTS
29 U.S.C. § 2601 et seq.

21. Ms. Wiese incorporates by reference paragraphs 1-20, as if fully set forth.

22. Under the FMLA, an eligible employee is entitled to "a total of 12 workweeks of leave during any 12-month period" for her own serious health condition. 29 U.S.C.§ 2612 (2009). Further, the FMLA prohibits interference and discrimination against employees who utilize their FMLA rights. 29 U.S.C. § 2614(a).

(a) INTERFERENCE WITH RIGHTS

> (1) EXERCISE OF RIGHTS It shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter.
>
> (2) DISCRIMINATION It shall be unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter.

29 U.S.C. §2615(a)(1), (2).

23. Waste Management discriminated against Ms. Wiese when it held her to a higher standard than her co-workers after she took FMLA leave. Ms. Wiese's supervisors told her that she could not handle the increased workload because she "wasn't the same after returning from leave." Waste Management also harassed Ms. Wiese due to her use of FMLA leave. She was overloaded with work and criticized for not doing more than her co-workers.

24. Additionally, Ms. Wiese was disciplined more severely than employees who did not request FMLA leave. Vickie Duncan, Sara Bond, Brett Roberts and Bryce Thompson were not disciplined when they sent emails to dispatch about trash service

6

without creating tickets. When Ms. Wiese did the same, it resulted in written discipline. Bryce Thompson and Account Manager Vickie Duncan failed to respond to meet the quota of 4 appointments per day, but were either not disciplined or were placed on a Performance Improvement Plan. When Ms. Wiese did the same, she was terminated without any offer of a Performance Improvement Plan.

WHEREFORE, Ms. Wiese requests judgment ordering an award of damages based on Waste Management's discriminatory treatment in violation of the FMLA.

## CLAIM II

## WASTE MANAGEMENT RETALIATED AGAINST MS. WIESE FOR USING A REASONABLE ACCOMODATION AND COMPLAINING
29 U.S.C. § 2601 et seq.

25. Ms. Wiese incorporates by reference paragraphs 1-24, as if fully set forth.

26. The Family and Medical Leave Act prohibits retaliation for exercising any right under the FMLA. The applicable regulation also prohibits retaliation.

27. Waste Management retaliated against Ms. Wiese for taking FMLA leave. After Ms. Wiese took leave, Waste Management expected her to do more than her co-workers, disciplined and criticized her more harshly than her co-workers, and terminated her. Waste Management increased its expectations of Ms. Wiese after she returned from leave and told her that she hadn't been the same since she took leave. Waste Management's discriminatory and unlawful actions were retaliation for Ms. Wiese's use of FMLA leave.

28. Ultimately, Waste Management terminated Ms. Wiese in retaliation for her use of protected leave.

WHEREFORE, Ms. Wiese requests judgment ordering an award of damages pursuant to the FMLA based on Waste Management's retaliatory treatment.

### **REQUEST FOR RELIEF**

Based on the foregoing, Ms. Wiese requests judgment in her favor and awarding the following:

1. Damages for lost and future wages based on her termination;

2. Damages for lost and future benefits based on her termination;

3. Damages for Ms. Wiese's emotional pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life;

4. Punitive damages for Waste Management's knowing violation of federal discrimination laws;

5. Costs and attorney fees; as allowed by law, and

6. Such other and further relief as the Court deems appropriate.

**PLAINTIFF MAKES DEMAND FOR TRIAL BY JURY.**

DATE: June 28, 2018

KIMBERLY K. WIESE, Plaintiff,

By: s/ Alexis S. Mullaney
Alexis S. Mullaney, NE #25908
CARLSON & BURNETT, LLP
17525 Arbor Street
Omaha, NE 68130
Direct: (402) 952-4175
Main: (402) 934-5500
alexis@carlsonburnett.com
*Attorney for Plaintiff*