# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| Kimberly K. Wiese,<br>　　　　　　Plaintiff,<br>　vs.<br>Waste Management of Illinois, Inc.,<br>　　　　　　Defendant. | Case No. 8:18-CV-305-JMG-SMB<br><br>**SUPPLEMENTAL PROTECTIVE ORDER** |

This matter is before the Court on the parties' Joint Motion for Supplemental Protective Order.  ([Filing No. 30](#).) This Motion is granted.

Accordingly, the previously entered Protective Order ([Filing No. 26](#)) will remain in full force and effect and will be supplemented by the following provisions:

　　　　1)　　**Definition of Attorneys' Eyes Only Information** - As used in this Order, "Attorneys' Eyes Only Information" is defined as Confidential Information that the producing or receiving party designates in good faith has been previously maintained in a confidential manner and should be protected from disclosure and use outside the litigation because its disclosure and use has the capability of damaging a party's reputation, character, or causing personal embarrassment, even if the disclosure is limited by the restrictions placed on "Confidential" discovery materials. Notwithstanding the foregoing, no document shall be considered to contain "Attorneys' Eyes Only Information" unless explicitly designated as "Attorneys' Eyes Only" by a party.

　　　　2)　　**Who May View Attorneys' Eyes Only Information** - Except with the prior written consent of the designating party or prior order of the court, designated Attorneys' Eyes Only Information may only be disclosed to the following persons: (i) In-house and outside counsel for the parties in this action; (ii) Experts or consultants retained by the parties or the parties' counsel solely for the purpose of assisting in prosecuting or defending this action. Attorneys' Eyes Only Information may be provided to and used by such experts or consultants only to the extent necessary for the experts or consultants to prepare a written opinion, to prepare to testify, or to assist counsel in the prosecution of this litigation. The provisions of this paragraph also apply to

any employees or support staff who, as part of their employment with experts or consultants, assist in the prosecution or defense of this litigation. Under no circumstances will an expert or consultant who is a competitor or an employee of a competitor of a party, or who provides consulting, expert, or other advisory services to a competitor of a party, be provided access to Attorneys' Eyes Only Information absent further order of the Court. iii. Stenographers, videographers, or other court reporters engaged to transcribe or record depositions. iv. The Court, court personnel, and members of any jury. v. Authors, drafters, addressees, and other persons who properly received the designated material prior to the commencement of this action or prior to the designation of such material as Attorneys' Eyes Only Information; (vi) Any mediator or arbitrator (and their assistants or staff) retained by the parties to assist the parties with resolving the claims of this Action; and (vii) Any other person upon order of the Court or upon stipulation of the Producing Person.

**3) Challenging Attorneys' Eyes Only Designation** – The non-producing party may challenge a producing party's designation of documents as "Attorneys' Eyes Only" at any time, up to and including during trial. The party challenging such designation shall first confer with the producing party as to its challenge to the designation. If the parties cannot agree to the appropriateness of the designation, the challenging party may move the Court to order that the documents at issue be designated appropriately and reproduced if necessary.

**4) All Provisions of January 30, 2019 Protective Order Apply to Attorneys' Eyes Only Information** – All provisions of the January 30, 2019 Protective Order regarding Confidential information, other than those provisions explicitly addressed by paragraphs one and two of this Order, apply to Attorneys' Eyes Only Information.

Dated this 18th day of April, 2019.

BY THE COURT:

*s/* Susan M. Bazis
United States Magistrate Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| Kimberly K. Wiese,<br><br>                Plaintiff,<br><br>vs.<br><br>Waste Management of Illinois, Inc.,<br><br>                Defendant. | Case No. 8:18-CV-305-JMG-SMB<br><br>**EXHIBIT A** |

     I hereby acknowledge that I am about to receive Confidential Information supplied in connection with the above-captioned case. I understand that such information is being provided to me pursuant to the terms and restrictions of the Protective Order entered in this case. I have been given a copy of the Protective Order, have read the Protective Order, and agree to be bound by its terms. I understand that Confidential Information as defined in the Protective Order, or any notes or other records that may be made regarding any such materials, shall not be disclosed to any persons except as permitted by the Protective Order.

     Dated this ___ day of _____, 20__.


_____      _____
Printed Name                                      Signature